■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VINCENT SHOMO, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered April 4, 1975, convicting him of forgery in the second degree (two counts), criminal possession of a forged instrument in the second degree (two counts), theft of services and attempted petit larceny, upon a jury verdict, and imposing sentence. Judgment modified, on the law, by reversing the convictions of criminal possession of a forged instrument in the second degree (two counts), theft of services and attempted petit larceny, and the sentences imposed thereon, and the said counts are dismissed. As so modified, judgment affirmed. The People and appellant agree, and this court concurs, that the conviction of the two counts of criminal possession of a forged instrument must be reversed because appellant was also convicted of forgery counts pertaining to the same instruments (see Penal Law, § 170.35). We are also of the opinion that, on the facts adduced, the count charging theft of services (the fifth count), committed by appellant's making and issuing a check from his brother-in-law's checking account to pay for two air transportation tickets, was a lesser inclusory count of the first count of forgery in the second degree, charging him, *inter alia,* with falsely making that check. Similarly, the count charging attempted petit larceny (the sixth count), committed by appellant's submission of a lost ticket refund application for $165.10 in the name of his brother-in-law, was a lesser inclusory count of the second count of forgery in the second degree, charging him, *inter alia,* with falsely making the lost ticket application for the refund in question. Since defendant could not have committed the first and second counts, charging forgery in the second degree, without concomitantly having committed, respectively, theft of services and attempted petit larceny, it was improper to convict him of all four offenses. Accordingly, the convictions for

theft of services and attempted petit larceny must be reversed and the said counts dismissed (see *People v Hayes,* 43 AD2d 99, affd 35 NY2d 907). Damiani, J. P., Titone, Suozzi and O'Connor, JJ., concur.