■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY GRANT, Appellant. — Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered June 9, 1983, upon a verdict convicting defendant of the crimes of promoting prostitution in the second degree and coercion in the first degree.

Our principal task upon this appeal is to determine whether the trial court committed reversible error by admitting into evidence uncharged crimes committed both prior and subsequent to the crimes charged in the indictment. Defendant was charged with promoting prostitution in the second degree by compelling one Eva Gardner by force and intimidation to engage in acts of prostitution within the City and County of Albany during the latter part of March, 1982. Similarly, defendant was indicted for the crime of coercion in the first degree by compelling Gardner to engage in conduct from which she had a legal right to abstain by the use of physical force such that she was fearful that if she refused further physical acts against her person would occur. These acts constituting the crime charged also were alleged to have occurred within the City and County of Albany during the latter part of March, 1982.

During the trial, Gardner testified as to her conduct as a prostitute for defendant prior to the dates charged in the indictment and, further, testified extensively about a trip to New York City with defendant, following the date of the acts alleged to have occurred in Albany County. She testified that she was housed in six different motels in New York City where she was compelled to engage in prostitution for the pecuniary gain of defendant, her pimp. Gardner testified that when she refused to act upon the command of defendant, she was brutally beaten and on one occasion painfully injured when defendant forced a hot curling iron into her vagina.

While it is true that such testimony is highly inflammatory and irreparably prejudicial when offered and received to show that a defendant is of a criminal bent or character and is thus likely to have committed the crime charged (*People v Molineux,* 168 NY 264; see *People v Schwartzman,* 24 NY2d 241, cert den 396 US 846), where the charged crimes are not single instance crimes, such as robbery, assault or rape, but crimes that cover a

lengthy period of time during which the defendant subdues the victim's will through physical force, intimidation and fear, evidence of such crimes is highly probative of the charged crime and outweighs the potential prejudice to the accused (*People v Ventimiglia,* 52 NY2d 350, 359; *People v Allweiss,* 48 NY2d 40, 47). Here, it cannot be denied that the evidence of uncharged crimes both prior and subsequent to the date of the charged crimes was highly probative to show defendant's intent, motive and a common plan, scheme or design to commit the crimes of promoting prostitution and coercion (*People v Molineux, supra,* p 291).

Next, defendant's contentions that the trial court's charge regarding the *Molineux* rule was improper and that the testimony concerning the acts of defendant and his brother was confusing to the jury are without merit.

Lastly, while we are aware that County Court imposed the maximum sentences permissible for the crimes of promoting prostitution in the second degree, a class C felony, and coercion in the first degree, a class D felony, we, nevertheless, conclude that defendant's conduct was so contumacious and conscienceless that interference with the sentencing discretion of County Court is not warranted.

Judgment affirmed. Mahoney, P. J., Casey, Weiss, Levine and Harvey, JJ., concur.