◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE MARTINEZ, Appellant. — Appeal from a judgment of the Supreme Court at Trial Term (Ellison, J.), rendered January 31, 1983 in Chemung County, upon a verdict convicting defendant of the crime of criminal possession of a forged instrument in the second degree.

In February of 1982, defendant was indicted and charged with criminal possession of a forged instrument in the first degree based on allegations that he was found in possession of an unemployment insurance check in the amount of $123 made payable to one "R. A. DeJesus". The signature of the payee had been forged on the reverse side of the instrument. Defendant moved to dismiss the indictment or, in the alternative, to reduce the charge to second degree criminal possession of a forged instrument on the ground that the unemployment insurance check was a "commercial instrument" within the meaning of second degree possession (Penal Law, §§ 170.25, 170.10) and not "[p]art of an issue of money, stamps, securities or other valuable instruments issued by a government" within the meaning of first degree possession (Penal Law, §§ 170.30, 170.15). Supreme Court granted defendant's motion to the extent of reducing the charge. This court reversed and reinstated the indictment on the ground that Supreme Court had no authority to reduce the charge (*People v Martinez,* 90 AD2d 899). The matter proceeded to jury trial and defendant was convicted of second degree criminal possession of a forged instrument. Defendant now appeals from the judgment of conviction.

Initially, defendant urges that the verdict is against the weight of evidence. Defendant testified that he cannot read or write English and that he was unaware that the check had been forged. He contends that he simply held on to the check, which was admittedly stolen by another individual, one Michael Dame, in exchange for $10. Thus, he argues, the proof did not establish that he possessed the check "with knowledge that it [was] forged and with intent to defraud" (Penal Law, § 170.25).

We disagree. The People offered the testimony of Dame, who admitted that he stole the check and brought it to defendant. He testified that he told defendant that the check belonged to De Jesus and defendant admitted that he knew De Jesus. The testimony also indicates that defendant knew Dame. Dame further testified that he signed the name of De Jesus on the back of the check in defendant's presence. Dame testified that he gave the check to defendant, who agreed to cash it in exchange for one half of the proceeds. It is apparent that an issue of credibility was created and that the jury resolved such issue in the People's favor. Dame's testimony, if believed, supports the conviction for second degree criminal possession of a forged instrument.

Defendant also alleges as error the introduction of certain other checks, several of which were completed and made payable to defendant. It is clear that such evidence would not be admissible to establish defendant's propensity to commit the crime charged (*People v Allweiss,* 48 NY2d 40, 46). However, such evidence is highly probative as evidence that defendant was not simply holding onto the check, unaware that it was forged. Since the evidence tends to demonstrate a common scheme or plan as well as the absence of mistake or accident, it was admissible (*id.,* at p 47).

Defendant contends that certain statements made by him and checks seized from him should have been suppressed on the ground that they were obtained as a result of an illegal search and seizure. After a suppression hearing, the trial court found that the statements made by defendant were admissible. We agree. The testimony at the hearing clearly supports the trial court's findings that defendant made the statements voluntarily after having been advised of his rights, both in English and Spanish. Thus, there is no basis for suppressing the statements. With regard to the tangible evidence, defendant's failure to move to suppress such evidence constitutes a waiver of this issue (see CPL 470.05, subd 2).

Lastly, we reject defendant's contention that the trial court improperly ruled that, should he testify in his own behalf, he could be cross-examined with regard to prior convictions for rape

and assault. These crimes bear on the issue of defendant's veracity since they reveal a willingness to place the advancement of his individual self-interest ahead of principle or the interest of society (see *People v Sandoval,* 34 NY2d 371, 377). The trial court did not abuse its discretion in ruling that these convictions could be the subject of cross-examination.

Judgment affirmed. Mahoney, P. J., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.