■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRUCE CAREY, Appellant. — Mikoll, J. Appeals (1) from a judgment of the County Court of Albany County (Harris, J.), rendered June 17, 1983, upon a verdict convicting defendant of the crimes of promoting prostitution in the second degree (two counts) and promoting prostitution in the third degree, and (2) by permission, from an order of said court, entered June 13, 1984, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

The issues raised on this appeal are: (1) was defendant's guilt established by competent evidence beyond a reasonable doubt, (2) was defendant afforded a fair trial, (3) was defendant denied effective assistance of counsel, and (4) was the sentence imposed harsh and excessive.

Defendant was convicted of two counts of promoting prostitution in the second degree and one count of promoting prostitution in the third degree. As to the first count, it was disclosed through the testimony of Kelly Saglimbeni, who was 15 years of age, that defendant identified himself to her as a "pimp", asked her to work for him, provided her with a motel room, instructed her on how much to charge as a prostitute, and accepted the $40 she made as a prostitute on that occasion.

As to the second count, proof was adduced that, on another occasion, defendant procured a room for Saglimbeni's use at the Thunderbird Motel and that defendant instructed Chuck Morris, the manager of the Stage Bar with whom defendant had an

arrangement for prostitution referral activities, to send any men seeking a prostitute to Saglimbeni's room. Saglimbeni testified that two men came to her room and that she performed acts of prostitution for them.

As to the third count, the prosecution provided proof that defendant brought one Lynn Sherman, who was then 17 years of age, to the Stage Bar to meet customers for purposes of prostitution. Defendant informed Morris, the bar manager, that Sherman was available for prostitution. Sherman was instructed to pay the money she earned to Morris, who subsequently handed the money over to defendant.

The evidence adduced, if believed by the jury, was sufficient to prove that, on both occasions involving Saglimbeni, defendant advanced her prostitution and profited from it in violation of Penal Law § 230.30 (2) and § 230.15 (1). As to the third count of the indictment, the evidence was sufficient, if accepted as believable by the jury, to establish that defendant knowingly aided Sherman to engage in prostitution in violation of Penal Law § 230.25 (2) and § 230.15 (1), (2).

We find no merit to defendant's contention that his guilt as to counts two and three were based upon uncorroborated accomplice testimony. Neither Saglimbeni nor Sherman were accomplices by operation of law (Penal Law § 230.30) due to their ages. Thus, Saglimbeni's testimony was sufficient in itself to establish the offense of advancing prostitution under the second count of the indictment. The witness Morris was a coconspirator. His testimony was sufficiently corroborated by Sherman's testimony, which connected defendant with the commission of the crime alleged in the third count of the indictment.

Defendant also contends that his conviction has been secured by introduction of the improper testimony as to uncharged crimes. This testimony was allowed under the theory that uncharged crimes evidencing a common scheme or plan embracing the charged crimes are admissible. Evidence of the other crimes was probative of the charged crimes and admissible as such (*People v Grant,* 104 AD2d 674). Defendant's belated exception to the trial court's charge regarding the doctrine set forth in *People v Molineux* (168 NY 264) has not been preserved for our review. In any event, the insufficiency of the instruction was not such as to constitute the denial of a fair trial (*see, People v Grant, supra*).

Defendant urges that he was denied a fair trial by the unnecessary interjection of the trial court in the questioning process. The record discloses one egregious interlude by the trial court. We find this conduct far from ideal, but we are prompted to

conclude that, generally, the trial court's participation fell far short of the prejudicial behavior condemned in *People v Yut Wai Tom* (53 NY2d 44) or the caustic remarks in *People v De Jesus* (42 NY2d 519). We hold that the trial court's conduct did not preclude the jury from arriving at an impartial judgment on the merits (*see, People v Moulton,* 43 NY2d 944).

We also find no merit to defendant's contention of ineffective assistance of counsel. The defense was admittedly rather unique in its style. Nonetheless, the record discloses that the defense attorney was familiar with the case, put up a vigorous defense and displayed a good working knowledge of basic principles of criminal law and procedure (*see, People v Droz,* 39 NY2d 457; *People v Haire,* 96 AD2d 1110).

We opt, too, not to disturb the imposition of the sentence on defendant. The sentences imposed (two concurrent prison terms of 5 to 15 years and a consecutive prison term of 2⅓ to 7 years) were within the statutory limits and, in view of the young age of the individuals involved and the sordid aspect of defendant's transgressions, entirely appropriate.

Judgment and order affirmed. Kane, J. P., Weiss, Mikoll and Yesawich, Jr., JJ., concur.