■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTINA KING, Appellant. — Weiss, J. Appeal from a judgment of the County Court of Franklin County (Plumadore, J.), rendered March 26, 1984, upon a verdict convicting defendant of the crime of criminal possession of a forged instrument in the second degree.

In October 1983, defendant was indicted and charged with criminal possession of a forged instrument in the second degree based on allegations that she uttered a check from the Akwesasne St. Regis Band Council in the amount of $475 made payable to "Christian King". After a jury trial, she was convicted as charged and sentenced to a conditional discharge for a three-year period, with restitution in the amount of $789.25. On this appeal, defendant maintains that the verdict was against the weight of the trial evidence. We disagree.

The People offered the testimony of Richard Fountain, proprietor of Fountain's Tavern, to the effect that defendant entered his establishment on September 2, 1983 and requested that Fountain cash the subject check. Fountain testified that he agreed to do so since defendant was a regular customer and, after witnessing defendant indorse the back of the check, he issued $475 in Canadian funds to her.* Fountain further testified that in a subsequent telephone conversation with defendant, she admitted that she knew who stole the check. In addition, the People produced the purported makers of the subject check, Jerome Cook and Sara David, representatives of the Band Council, who testified that their respective signatures had been forged, that the check had been stolen, that defendant was not employed by the Band Council and that no payment in the amount of $475 had been authorized on her behalf. That defendant denied presenting the check to Fountain and indorsing same created an issue of credibility which the jury resolved

---

* This represents an amount equivalent to $365.75 in United States currency at the time of the incident in question.

in the People's favor (*People v Martinez,* 105 AD2d 873, 874). Based on the foregoing, there is ample basis in the record to sustain the conviction. Moreover, since Fountain actually witnessed defendant's indorsement, we find no error in the trial court's denial of defendant's request for a handwriting expert (County Law § 722-c). Nor do we find any impropriety in the restitution award (Penal Law § 60.27 [1], [5] [a]; § 65.10 [2] [g]).

Judgment affirmed. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.

