■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRYAN BERARD, Appellant.—Casey, J. Appeal from a judgment of the County Court of Schenectady County (Stroebel, Jr., J.), rendered October 18, 1983, upon a verdict convicting defendant of the crime of sodomy in the first degree.

At trial of the indictment charging defendant with sodomy in the first degree and sexual abuse in the first degree, the complaining witness and defendant testified, giving different versions of what transpired in the early morning hours of April 30, 1983 after they had left a bar where they had been introduced. The prosecution also presented proof that the complainant had physical injuries and was emotionally upset immediately after the incident, which was promptly reported to the police. Only the charge of sodomy in the first degree was submitted to the jury. Defendant was found guilty and sentenced as a predicate felony offender to an indeterminate prison term of 7 1/2 to 15 years.

Defendant asserts a number of grounds for reversal, including prosecutorial misconduct. Our review of the record convinces us that, for the most part, the prosecutor did not exceed the proper bounds of advocacy. Although the prosecutor's cross-examination of defendant did touch upon several incidents that had been precluded by the trial court's prior *Sandoval* ruling, the references were either remote or promptly responded to by the trial court in response to defendant's objection, resulting in no substantial prejudice to defendant; reversal, therefore, is not required (*see, People v Galloway,* 54 NY2d 396, 401).

Defendant's argument concerning the weight of the evidence is also rejected. The conflicting versions presented by the complainant and defendant created a clear question of credibility, which the jury resolved in favor of the People (*see, People v Martinez,* 105 AD2d 873, 874), and we decline to second guess the jury's determination on the issue of credibility (*see, People v Rodriguez,* 72 AD2d 571). Defendant points to

a number of inconsistencies or discrepancies in the complainant's testimony, most of which are minor, but we cannot say that the jury's determination of credibility lacks a sufficient evidentiary basis (*see, People v Turner*, 99 AD2d 615).

Defendant also claims that the trial court erred with respect to certain rulings and instructions, but we find nothing of substance in these claims which would require reversal. Defendant's contention as to the excessiveness of the sentence is also lacking in merit. In view of the crime of which defendant stands convicted, and considering that he is a predicate felon, we cannot say that the trial court abused its discretion in imposing sentence within the statutory guidelines.

Defendant's remaining arguments relate to the effectiveness of counsel. The record as a whole establishes that defendant received "meaningful representation" (*see, People v Baldi*, 54 NY2d 137, 147). Counsel exhibited a familiarity with the case, presented a vigorous defense and displayed a good working knowledge of the principles of criminal law (*see, People v Carey*, 109 AD2d 982), and we find no error in the trial court's denial of defendant's motion, made during the trial, seeking to discharge retained counsel (*see, People v Arroyave*, 49 NY2d 264, 271-272).

Defendant was fairly tried and convicted, and none of the arguments urged on appeal, either individually or collectively, justifies reversal of the conviction.

Judgment affirmed. Kane, J. P., Main, Casey, Weiss and Levine, JJ., concur.