— Yesawich, Jr., J.
Appeal from a judgment of the County Court of Schenectady County (Stroebel, Jr., J.), rendered August 21, 1984, upon a verdict convicting defendant of the crimes of promoting prostitution in the third degree and coercion in the first degree.
In September of 1984, an Albany County jury verdict convicting defendant of the crimes of promoting prostitution in the second degree and coercion in the first degree was affirmed (People v Grant, 104 AD2d 674). The circumstances giving rise to that conviction were that defendant had compelled one Eva Gardner by force and intimidation to engage in prostitution in Albany County during the latter part of March of 1982. At that trial, the court properly received evidence that defendant had coerced Gardner into prostitution in Schenectady County on the ground that it demonstrated a common scheme or plan (see, People v Molineux, 168 NY 264; People v Grant, supra, p 675). For this conduct and similar activities involving Gardner in Schenectady County during the period from January to July of 1982, a Schenectady County Grand Jury charged defendant with promoting prostitution in the *774 second and third degrees and two counts of first degree coercion. A petit jury found defendant guilty as noted. However, because, as defendant rightly maintains, that conviction violates New York’s prohibition against double jeopardy (CPL 40.20 [2]), we are obliged to reverse and dismiss the indictment.
Aside from exceptions inapplicable here, CPL 40.20 (2) provides that a person may not be separately prosecuted for two offenses based upon the same act or criminal transaction. The term "criminal transaction” is defined as: "conduct which establishes at least one offense, and which is comprised of two or more or a group of acts * * * (b) so closely related in criminal purpose or objective as to constitute elements or integral parts of a single criminal venture” (CPL 40.10 [2]). The legislative purpose underlying this proscription is prevention of multiple prosecutions and cumulative punishment for several offenses which arise out of the same or nearly the same conduct (Matter of Auer v Smith, 77 AD2d 172, 183, appeal dismissed 52 NY2d 1070).
Unlike People v Luongo (47 NY2d 418, 430), where "none of the victims named in the Suffolk County indictment were subjects of the subsequent Nassau County prosecution” and the double jeopardy challenge was therefore rejected, here, the Albany and subsequent Schenectady County indictments derive from defendant’s coercing only Gardner into prostitution during overlapping time periods. The same evidence of defendant’s activities with Gardner was introduced at both trials and both courts allowed evidence of defendant’s conduct respecting her in the other county under the Molineux exception as proof of a common scheme or plan (see, People v Molineux, supra). Moreover, the indictment in the instant case did not identify individual episodes of criminality, but rather charged a course of conduct over a period of time (cf. People v Luongo, supra). Our conclusion that defendant’s convictions in Albany County and Schenectady County involved the same criminal transaction is further borne out by the Schenectady County Court’s decision to have defendant’s sentences run concurrently with those resulting from the Albany County convictions.
Judgment reversed, on the law, and indictment dismissed. Mahoney, P. J., Main, Yesawich, Jr., Levine and Harvey, JJ., concur.