(February 4, 1988)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEONARD L. DARE, Appellant.—Mahoney, P. J. Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered May 29, 1984, upon a verdict convicting defendant of

the crimes of criminal possession of a forged instrument in the second degree (three counts) and grand larceny in the third degree (three counts).

Defendant, an employee in the mailroom located in the Alfred E. Smith Building in the City of Albany, was suspected of removing returned checks of three deceased State retirees, forging their signatures as endorsements, endorsing the checks with his own name and negotiating the checks. In November 1983, when two State Police Investigators attempted to interrogate defendant concerning the checks, he struck one of the officers and attempted to run away. Defendant was apprehended and read his *Miranda* warnings. Subsequently, defendant moved to suppress, *inter alia,* statements he made at the time of his arrest. The motion was denied. A *Sandoval* hearing resulted in a determination that no inquiry into defendant's prior convictions would be permitted except for one resisting arrest conviction in 1983.

At trial, three bank tellers each testified that they had cashed the respective checks and had examined the identification photos presented by defendant on each occasion, and that the picture on the identification card had matched the man presenting them. Further, the People presented an expert witness who testified that the signatures on the three checks in question and those on other documents signed by defendant were identical. Defendant was convicted of three counts of criminal possession of a forged instrument in the second degree and three counts of grand larceny in the third degree. He was sentenced to consecutive prison terms of 2⅓ to 7 years on each of the forged instrument counts and consecutive prison terms of 1⅓ to 4 years on the grand larceny counts, the latter three terms to run concurrently with the former three terms. Defendant appeals.

Initially, we reject defendant's argument that the People failed to prove each and every element of the offenses charged beyond a reasonable doubt. Defendant deliberately, and with intent to defraud, deceive and injure another, altered forged instruments of a kind specified in Penal Law § 170.25. Further, Penal Law § 170.10 (1) indicates that a falsely completed or altered commercial instrument would constitute a forged instrument within the meaning of Penal Law § 170.25.

Next, we reject defendant's contention that the evidence, which was circumstantial, did not establish his guilt to a moral certainty. The standard of review of the legal sufficiency of the evidence where a conviction is based wholly on circumstantial evidence is whether the facts from which the

inference of the defendant's guilt was drawn were inconsistent with the defendant's innocence and excluded to a moral certainty every other reasonable hypothesis *(People v Giuliano,* 65 NY2d 766, 767-768; *People v Marin,* 65 NY2d 741, 742).* Here, the evidence clearly shows that defendant had access to the checks in question, that defendant endorsed the checks and that the bank tellers in each instance compared the photograph on the identification presented with the presenter. Such proof provides a sufficient basis for concluding that the jury's determination was proper.

Next, defendant's contention that he was deprived of a fair trial due to the People's use of a prior conviction to impeach his credibility is without foundation. County Court's ruling on defendant's *Sandoval* motion excluded 2 of the 3 convictions sought to be introduced by the People, permitting only the use of defendant's prior conviction of resisting arrest. Additionally, since the instant case does not concern a charge of resisting arrest, the prior crime need not be excluded as being similar to that currently charged *(see, People v Bowden,* 104 AD2d 695).* Finally, a conviction for resisting arrest goes to credibility since it evidences a tendency to place personal above societal interest *(see, People v Bennette,* 56 NY2d 142, 148).

We have examined defendant's remaining contentions and find them to be without merit.

Judgment affirmed. Mahoney, P. J., Kane, Casey, Weiss and Yesawich, Jr., JJ., concur.