■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOUIS G. ARTUSO, Appellant.—Judgment unanimously affirmed for reasons stated in the decision of the suppression court, Mark, J. (Appeal from judgment of Supreme Court, Monroe County, Mark, J.—criminal possession of weapon, third degree.) Present—Dillon, P. J., Callahan, Balio, Lawton and Davis, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES BIRMINGHAM, Appellant.—Judgment unanimously affirmed. Counsel's application to withdraw granted *(see, People v Crawford,* 71 AD2d 38). (Appeal from judgment of Ontario County Court, Reed, J.—criminal possession of stolen property, fourth degree.) Present—Dillon, P. J., Callahan, Balio, Lawton and Davis, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES NETTLES, Appellant. (Appeal No. 1.)—Judgment unanimously affirmed. Memorandum: The hearing court's finding that the showup was not impermissibly suggestive is fully supported by the record *(see, People v Jones,* 149 AD2d 970). Although one-on-one identification procedures are never desirable and should be avoided when feasible, it is well established that procedures which are less than ideal may be tolerable in the interest of prompt identification *(People v Love,* 57 NY2d 1023, 1024; *People v Adams,* 53 NY2d 241, 249; *People v Johnson,* 102 AD2d 616, 627, *lv denied* 63 NY2d 776; *People v Cole,* 100 AD2d 442, 445-446). This is particularly so where, as here, the identification was close in time and space to the scene of the crime *(People v Riley,* 70 NY2d 523, 529; *People v Love, supra; People v Brnja,* 50 NY2d 366, 372; *People v Jones, supra; People v Everett,* 147 AD2d 896). The mere fact that the police may have referred to defendant as a "suspect" or "someone fitting the description" does not, without more, render the showup unnecessarily suggestive *(see, People v Rodriquez,* 64 NY2d 738, 740; *People v Logan,* 25 NY2d 184, 192, *cert denied* 396 US 1020; *People v James,* 110 AD2d 1037, 1038). (Appeal from judgment of Supreme Court, Monroe County, Bergin, J.—burglary, second degree.) Present—Dillon, P. J., Callahan, Balio, Lawton and Davis, JJ.