■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY FERRARA, Appellant.—Casey, J. Appeal from a judgment of the County Court of Schenectady County (Harrigan, J.), rendered December 4, 1987, upon a verdict convicting defendant of the crimes of forgery in the second degree and criminal possession of a forged instrument in the second degree.

On August 3, 1986 defendant, accompanied by another white male, cashed a traveler's check in the amount of $100 at the Holiday Inn in the City of Schenectady by forging the name "Mark Bagdriwicz" and using a Social Security card bearing that name for identification purposes.* At trial, Mark Bagdriwicz testified that the Social Security card was his, that he had lost his wallet containing the card prior to the summer of 1986, that the signatures on the check were not his and that he had never given anyone permission to cash a check using his name. At the time of the cashing, the check-in clerk, Barbara Marek, who was also the weekend relief night auditor, returned $35 of the proceeds to defendant and applied the remainder to defendant's room rental for the night. Marek positively identified defendant at trial as the person who signed the check, supplied the identification and received the proceeds. A longtime friend of defendant, Ernest Ford, testified that he was with defendant in a parking lot of a diner on August 3, 1986 when a man named Peter Dix displayed $5,000 worth of traveler's checks and that Dix gave some of those checks to defendant. Ford denied further participation, but admits that he was with defendant at the Holiday Inn because defendant had invited him to a party there and that he witnessed defendant's cashing of the check. Ford added that he had been threatened by defendant to keep him from testifying.

In our view and contrary to defendant's contention on this appeal, this evidence more than satisfied the test of legal sufficiency. All the essential elements of the crimes charged were proven by the prosecution in a manner sufficient to support the jury's verdict. We find no merit in defendant's claim that Marek's testimony required corroboration (see,

---

* Earlier that day, a burglary occurred at the Schenectady Travel Center in which $7,400 of American Express traveler's checks were stolen. According to witness Donald Scherpf, one of those checks was the one defendant cashed at the Holiday Inn.

*People v King,* 111 AD2d 1043). Marek observed defendant face to face for a period of time between 5 and 10 minutes and had no difficulty in positively identifying him at trial as the person who cashed the check. From the testimony of Bagdriwicz, whose Social Security card was used by defendant, the jury could infer that defendant cashed the check by means of forgery. Furthermore, the proof did not demonstrate that Ford was an accomplice to the crime. We find no merit, therefore, in defendant's contention that Ford's testimony required corroboration and that the jury had to be so charged. We conclude, therefore, that defendant's motion for a directed verdict was properly denied by County Court. The quantum of evidence herein renders most of the other claimed errors, which we have considered, harmless, even assuming that they have any merit. The *Sandoval* ruling that defendant could be questioned about a prior conviction of resisting arrest if he took the witness stand was proper *(see, People v Dare,* 137 AD2d 866, 868, *lv denied* 71 NY2d 967).

Upon his conviction of forgery in the second degree and criminal possession of a forged instrument in the second degree, defendant received concurrent prison sentences of 2⅓ to 7 years. Inasmuch as the latter offense is a lesser included offense of the former *(People v Shomo,* 61 AD2d 1018) and Penal Law § 170.35 prohibits conviction of both criminal possession of a forged instrument and forgery with respect to the same instrument, we agree that the judgment of conviction must be modified to the extent of vacating the conviction of possession of a forged instrument in the second degree and the sentence imposed thereon.

Judgment modified, on the law, by reversing so much thereof as convicted defendant of the crime of criminal possession of a forged instrument in the second degree and vacating the sentence imposed thereon, and, as so modified, affirmed. Kane, J. P., Casey, Mikoll, Yesawich, Jr., and Levine, JJ., concur.