■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY CHATMAN, Appellant.—Judgment unanimously affirmed. Memorandum: The court did not err in precluding cross-examination of the police witness concerning acts committed by the "Hit Squad," of which the witness was a member. The extent of cross-examination of a witness upon matters immaterial to the issue is within the discretion of the trial court, and the exercise of its discretion may not be reviewed on appeal in the absence of plain abuse and injustice *(People v Sorge,* 301 NY 198, 201-202; *La Beau v People,* 34 NY 222, 230). Further, the court did not err in refusing to permit defendant access to confidential personnel records of the witness, inasmuch as defendant did not provide facts sufficient to establish that it was reasonably likely that the file would contain information bearing upon the credibility of the witness *(see, People v Gissendanner,* 48 NY2d 543, 550). (Appeal from Judgment of Monroe County Court, Marks, J.—Criminal Possession Controlled Substance, 3rd Degree.) Present—Denman, P. J., Boomer, Lawton, Fallon and Doerr, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL J. WORSECH, Appellant.—Judgment unanimously affirmed. Memorandum: Because defendant's showup identification was close in time and space to the scene of the crime, the hearing court properly concluded that defendant's identification was not impermissibly suggestive *(see, People v Nettles,* 154 AD2d 925; *People v Jones,* 149 AD2d 970, *lv denied* 74 NY2d 742). Defendant's remaining contention that complainant's identification testimony should have been suppressed because the police lacked probable cause to arrest him was waived by defendant's failure to make that suppression motion *(see,* CPL 710.70 [3]; *People v O'Neil,* 152 AD2d 966, *lv denied* 74 NY2d 816; *People v Martinez,* 105 AD2d 873, 874). (Appeal from Judgment of Monroe County Court, Marks, J.—Burglary, 2nd Degree.) Present—Denman, P. J., Boomer, Lawton, Fallon and Doerr, JJ.