■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK A. BLACK, Appellant. [680 NYS2d 123] —Crew III, J. Appeal from a judgment of the County Court of St. Lawrence County (Nicandri, J.), rendered October 27, 1997, convicting defendant upon his plea of guilty of the crime of criminal possession of a forged instrument in the second degree.

Defendant pleaded guilty to a superior court information charging him with criminal possession of a forged instrument in the second degree with the understanding that he would be sentenced as a second felony offender to a prison term of 2 to 4 years. At the time of sentencing, however, defendant requested that County Court sentence him to parole supervision pursuant to CPL 410.91 in lieu of incarceration. Finding that defendant was statutorily ineligible for parole supervision, the court denied the request and sentenced defendant in accordance with the plea agreement. Defendant appeals.

Initially, we note that defendant's waiver of his right to appeal does not preclude our consideration of his argument that the superior court information was jurisdictionally defective because it charged an offense that was not charged in the felony complaint (*see, People v Roe*, 191 AD2d 844, 845). However, we find defendant's contentions to be lacking in merit. CPL 195.20 provides that a superior court information may charge any offense which "the defendant was held for action of a grand jury and any offense or offenses properly joinable therewith", including lesser included offenses of those charged in the felony complaint (*see, People v Menchetti*, 76 NY2d 473, 475). Here, the felony complaint charged defendant with, *inter alia*, forgery in

the second degree. Because the superior court information charged defendant with the crime of criminal possession of a forged instrument in the second degree, a lesser included offense of forgery in the second degree (*see*, Penal Law §§ 170.10, 170.25; *People v Ferrara*, 160 AD2d 1107), it facially complied with CPL 195.20 (*see*, *People v Trueluck*, 88 NY2d 546; *People v Menchetti*, *supra*, at 475).

Finally, the sentence imposed was not rendered harsh and excessive by County Court's refusal to sentence defendant to parole supervision pursuant to CPL 410.91. Defendant expressly agreed to the sentence imposed and, in any event, his several prior felony convictions rendered him ineligible for parole supervision (*see*, CPL 410.91 [2]).

Cardona, P. J., Mikoll, White and Carpinello, JJ., concur. Ordered that the judgment is affirmed.