(September 28, 2000)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PABLO RODRIGUEZ, Appellant. [713 NYS2d 570] —Mercure, J. P. Appeal from a judgment of the County Court of Montgomery County (Sise, J.), rendered April 29, 1998, upon a verdict convicting defendant of the crime of criminal possession of a controlled substance in the fifth degree.

In satisfaction of a four-count indictment, defendant pleaded guilty to the reduced charge of criminal possession of a controlled substance in the fifth degree and was sentenced as a second felony offender to 3½ to 7 years in prison. Defendant now appeals, arguing that he should have been sentenced to parole supervision at a drug treatment campus pursuant to CPL 410.91. We disagree. During the plea colloquy, defendant was informed that there was no promise with respect to his eligibility for the drug treatment program by either County Court or the People, nor was it a condition to the plea agreement. Moreover, although at the time of the plea the People took no position regarding a sentence of parole supervision, the People nevertheless expressed their opposition thereto at the time of sentencing. County Court was therefore unable to impose such a sentence (*see*, CPL 410.91 [4]). Furthermore, we reject defendant's assertion that the agreed-upon sentence was harsh or excessive (*see*, *People v Black*, 253 AD2d 984, 985, *lv denied* 92 NY2d 980). Accordingly, we find no reason to disturb the sentence imposed.

Crew III, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.