OPINION OF THE COURT
Jasen, J.
On this appeal, we are asked to decide whether police officers with knowledge that a warrant authorizing the search of a suspect’s home has been issued and is en route may enter those premises before the warrant arrives.
On May 16, 1981, at approximately 8:00 p.m., Detective Raymond Milham of the Town of Colonie Police Department and a police informant arrived at the Holiday Inn on Route 5 in Colonie, New York, intending to meet David Longe, who was to sell Detective Milham a quantity of cocaine. Pursuant to a prearranged plan, Detective Mil-ham and the informant proceeded to room 110 to await Longe’s arrival.
At about 7:00 p.m. the same evening, Longe and his girlfriend, Mary Lou Rorick, drove to defendant Peter Mahoney’s residence at 2 Lucia Lane in Colonie, where they met defendant and his girlfriend Susan. At the house, Longe produced an ounce of cocaine and asked Mary Lou Rorick to deliver it to “Tim” in room 110 at the Colonie Holiday Inn. Rorick agreed and set out to make the delivery accompanied by defendant’s girlfriend, who rode along apparently to show Rorick the way. After arriving at the motel, they went to room 110 where they sold the cocaine to Detective Milham for $1,900. After the two women were arrested, Rorick told the police that. Longe could be located at 2 Lucia Lane and that he and defendant had approximately one-half pound of cocaine and 40 pounds of marihuana in the house. She further advised that she was expected back soon and that Longe would come looking for her if she was late.
At approximately 8:30 p.m., Detective Milham and Sergeant Krolak, who was part of the back-up team positioned *478 in room 112, returned to the station house to prepare an application for a 24-hour “no-knock” warrant authorizing a search of the premises at 2 Lucia Lane. In the meantime, a number of other officers were dispatched to 2 Lucia Lane with orders to keep the premises under surveillance. After their arrival, one of the surveillance officers, Inspector Gerace, notified Sergeant Krolak that Longe and Mahoney were pacing the floor and looking out the upstairs picture window at 5- to 15-second intervals. Thereupon, Sergeant Krolak proceeded to 2 Lucia Lane while Detective Milham, armed with the warrant application and a supporting deposition from Mary Lou Rorick, proceeded to Town Justice Nicholas Griesler’s residence in Colonie.
After Judge Griesler signed the warrant, Detective Milham contacted Sergeant Krolak and advised him that the warrant had been signed and that he was en route with it. When the surveillance team was informed by Sergeant Krolak that Detective Milham was en route with a “no-knock” search warrant, they entered defendant’s premises by breaking down a side door. Both Longe and Mahoney were taken into custody. Detective Milham arrived approximately five minutes later with the warrant and a search of the premises was then conducted, during which large quantities of cocaine and marihuana were discovered.
Following the search, defendant was taken to the Colonie Police Department where he was given his Miranda rights. After executing a voluntary written waiver, the defendant told the police that he let Longe use his house to store drugs and in return received about a pound of marihuana and some cocaine.
On May 26, 1981, the Albany County Grand Jury returned a two-count indictment charging the defendant with criminal possession of a controlled substance in the first degree and criminal possession of marihuana in the first degree.
A suppression hearing was held on August 7 and September 10, 1981, and defendant’s motion to suppress both the physical evidence seized at 2 Lucia Lane and his incriminating statement was denied. On September 15, *479 1981, defendant entered a plea of guilty to the charge of criminal possession of a controlled substance in the second degree, and on October 5, 1981, was sentenced to an indeterminate term of six years to life imprisonment. On appeal, the Appellate Division unanimously affirmed the denial of defendant’s motion to suppress. Leave to appeal to this court was granted by a Justice of the Appellate Division.
On this appeal, defendant contends that the entry by the police pursuant to a validly executed but undelivered search warrant was illegal and, therefore, violated his right against unreasonable search and seizure pursuant to the Fourth Amendment of the United States Constitution and section 12 of article I of the New York State Constitution. In support of this contention, defendant relies primarily upon Payton v New York (445 US 573), wherein the Supreme Court held that, absent exigent circumstances, a warrantless entry into a person’s home is unconstitutional. Defendant argues “that an executed but undelivered search warrant is tantamount to there being no warrant for purposes of the illegal entry, rendering Payton directly applicable.” It is crucial to note, at the outset, that in Payton the police who entered the defendant’s apartment to arrest the defendant made no effort to obtain a warrant authorizing the entry. By sharp contrast, the police in the instant case refrained from entering defendant’s house until they knew a search warrant had been issued. Payton, therefore, is clearly distinguishable. We conclude that, once a warrant had been issued by a neutral magistrate, physical possession of the warrant at the time of entry was not required under the facts of this case.
Thus, it should be clear that the evil Payton sought to prevent was the warrantless entry inside a home to search for weapons or contraband. “Absent exigent circumstances, that threshold may not reasonably be crossed without a warrant.” (Payton v New York, supra, at p 590.) This is precisely what was not done in this case. A warrant to search was obtained by the police from a neutral magistrate who had determined that probable cause did exist to enter and search defendant’s apartment.
*480 Detective Milham received first-hand information that defendant had in his possession large quantities of cocaine and marihuana. Rather than immediately proceeding to defendant’s home and seizing the contraband, Detective Milham applied to Judge Griesler for a search warrant. Even though the police* officers assigned to watch defendant’s house observed defendant and Longe growing restless, they refrained from entering the premises. Not until they were informed that a search warrant had been issued did the police enter defendant’s home and it was not until the warrant designating the place to be searched and the contraband to be seized had arrived that a search of the premises was conducted. It is clear, therefore, that the purpose and spirit of the warrant procedure — to place a neutral magistrate between the police and the citizen — was fully complied with, thus making suppression of the evidence seized unnecessary.
Defendant also claims that actual possession of the warrant is required by statute because CPL 690.50 (subd 1) requires a police officer to give notice of his authority and purpose to an occupant of the premises before entry and to show the occupant the warrant or a copy thereof upon request. CPL 690.50 (subd 1), however, is wholly inapplicable to this case because the subject warrant was executed pursuant to subdivision 2 of CPL 690.50. Paragraph (b) of that subdivision provides that a police officer need not give notice to anyone of his purpose and authority before entering the premises if the warrant so provides.[1] Inasmuch as the warrant issued by the magistrate authorized the police “to enter the premises to be searched without giving notice of your authority and purpose” and since the officers who initially entered defendant’s house had been informed by Sergeant Krolak that a “no-knock” warrant had been issued, their unannounced entry was entirely proper.[2]
The fact that the officers entered defendant’s house without actual possession of the search warrant, which they knew had been issued, in no way interfered with *481 defendant’s right to be free from unreasonable governmental intrusions. The entry and search in this case was authorized by a magistrate prior to the entry and search occurring. Our Federal and State Constitutions require nothing more.
Accordingly, the order of the Appellate Division should be affirmed.
Chief Judge Cooke and Judges Jones, Wachtler, Fuchsberg, Meyer and Simons concur.
Order affirmed.

. Because defendant does not claim that he requested to see the search warrant, we express no opinion as to the effect of such a request under the facts of this case.

. We express no opinion as to what consequences would follow if the officers who entered the premises did not know that the warrant authorized an unannounced entry.