■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID M. DRAPALA, Appellant. — Appeal from a judgment of the County Court of Broome County (Coutant, J.), rendered December 4, 1981, convicting defendant upon his plea of guilty of the crime of criminal possession of marihuana in the third degree. Defendant was charged in an indictment with five counts of criminal possession of a controlled substance in the seventh degree and one count of criminal possession of marihuana in the first degree. He moved to suppress certain evidence seized from his room at a college dormitory pursuant to a search warrant. At a hearing on the motion, a deputy sheriff testified that after obtaining a search warrant he, two college security officers and a city police officer went to defendant's room at the college; that they knocked on the door and announced "law enforcement"; that after waiting some 30 seconds a passkey was used to enter the room; that once inside the room the officers handed defendant, who was seated in the center of the room, the search warrant to read; that thereafter the room was searched and certain controlled substances seized. One of the college security officers who executed the warrant also testified at the hearing and his testimony was basically in conformance with that of the deputy sheriff except that he estimated the time between the announcement of "law enforcement" and the use of the passkey to enter the room was "ten, fifteen seconds, maybe a lot longer than that". Defendant's suppression motion was denied and he subsequently entered a plea of guilty of the crime of criminal possession of marihuana in the third degree in full satisfaction of the indictment. He was sentenced to a term of probation not to exceed five years and this appeal ensued. It is argued by defendant that the law enforcement officials improperly executed the search warrant and, therefore, the evidence seized pursuant to the warrant should have been suppressed. More specifically, defendant contends that CPL 690.50 (subd 1) requires an officer to give notice of his authority and purpose prior to entering the premises to be searched and since the officers in the present case did not give notice of their purpose prior to entering defendant's dormitory room the warrant was improperly executed. In our view, however, substantial compliance with the statute is sufficient to constitute a valid execution of a search warrant (see *People v Pischetola,* 63 AD2d 687). The question thus becomes whether there was substantial compliance with the statute in the present case. The record reveals that the officers announced their authority prior to entry and waited a certain amount of time prior to using the passkey; that no force was used to gain entry to the room, and that immediately upon entering the room and prior to conducting the search the officers gave defendant the search warrant to read. We conclude under the circumstances of the

instant case that there was substantial compliance with CPL 690.50 (subd 1) and, accordingly, the suppression motion was properly denied. The judgment, therefore, must be affirmed. Judgment affirmed. Mahoney, P. J., Sweeney, Kane, Mikoll and Levine, JJ., concur.