THIRD DEPARTMENT, JUNE, 1985

(June 6, 1985)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICKY LEE JOCK, Appellant — Yesawich, Jr., J. Appeals from a judgment of the County Court of Franklin County (Plumadore, J.), rendered July 5, 1983, upon verdicts convicting defendant of the crimes of grand larceny in the second degree, criminal possession of a weapon in the third degree, criminal possession of stolen property in the second degree (two counts) and criminal sale of marihuana in the third degree.

Defendant challenges his convictions after three discrete jury trials involving separate instances of criminal activity. Inadequacy of proof and ineffective assistance of counsel are the deficiencies alleged.

With respect to the claim that the evidence was inadequate, the first trial, which culminated in a conviction of criminal sale of marihuana in the third degree, hinged on the credibility to be afforded conflicting testimony, a matter especially within the

jury's province (*People v Banks,* 77 AD2d 742, 743). Since the People prevailed at trial, it must be assumed that the jury believed the prosecution's witnesses (*People v Kennedy,* 47 NY2d 196, 203).

The third trial yielded up convictions on two counts of criminal possession of stolen property in the second degree. Through accomplice testimony, the prosecution established that defendant broke into two automotive garages and stole tools from each, valued at over $250. Presence of the tools found in the trunk of defendant's car shortly after the thefts corroborates the accomplice's testimony (*see, People v Glasper,* 52 NY2d 970, 971). Again assuming, as we must, that the jury credited the People's evidence (*see, People v Kennedy, supra*), this verdict is also amply justified.

In the second trial, the jury found defendant guilty of grand larceny in the second degree and criminal possession of a weapon in the third degree. The People's primary witness, an accomplice, testified that, using a splitting maul, he and defendant broke open a safe they had stolen from a store and divided the spoils. Defendant received both money and a loaded .357 magnum pistol. Detection by the State Police of safe insulation matching that of the stolen safe and of a splitting maul in the trunk of defendant's car provided adequate corroboration tending to connect him to the crime (*see, People v Glasper, supra; People v Lewis,* 107 AD2d 838). That the contents of the safe exceeded $1,500 and that the pistols which were taken, including the .357 magnum, were loaded was attested to by the owner.

The fact that the jury in the second trial acquitted defendant of burglary in the third degree and yet found him guilty of grand larceny in the second degree does not constitute a repugnant verdict, for acquittal on the burglary count was not conclusive as to any element of the grand larceny offense (*see, People v Tucker,* 55 NY2d 1, 7; *People v Jackson,* 69 AD2d 823). Suffice it to say that the jury could have found the evidence inadequate to prove that defendant entered the store but adequate to conclude that he otherwise participated in the theft.

As for defendant's contention that he was denied effective legal assistance in all three trials, we note that the essence of fairness in criminal trials, meaningful representation, does not assure errorless counsel or that unsuccessful trial strategies will be redressed (*see, People v Baldi,* 54 NY2d 137, 147; *People v Montgomery,* 101 AD2d 893, 894). Defendant's exhaustive recitation of his trial counsel's every slip and questionable tactic does not overshadow the fact that, overall, his attorney was manifestly prepared, vigorously advocated defendant's cause

and employed basic principles of criminal law and procedure (*see, People v Droz,* 39 NY2d 457, 462; *People v Haire,* 96 AD2d 1110, 1111). Furthermore, most of the objections which defendant points to would have been futile in any event.

Lastly, we are not disposed to alter the sentence imposed. Defendant is a persistent felon who has not been rehabilitated by previous incarceration.

Judgment affirmed. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.