■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD KOLB, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Vaughn, J.), rendered April 10, 1984, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

The evidence indicated that, after the codefendant Michael Kolb had assaulted the victim with a baseball bat and was in the process of administering a further beating, the defendant came up to him and stabbed him. As Officer Maguire approached the victim, the victim said, "I have been stabbed. I'm dying. Look at me". He then pulled his left arm from across his stomach revealing his intestines laying on his stomach. When Maguire asked who did the stabbing, the victim said "Angie's cousins, Michael and Eddie. They stabbed me and

beat me with a bat". Later that same morning the victim died in a hospital. His beating with the bat had been so severe that his blood would not clot. Medical testimony attributed the death to the stab wound. We find that, under the circumstances, the statement made by the victim was admissible in evidence at the trial as a dying declaration. It was made in extremis, under a sense of impending death, with no hope of recovery.

The defendant finds fault with the court's charge on justification and the duty to retreat, stating that there was a failure to explain properly the duty of the prosecution to demonstrate beyond a reasonable doubt that a defendant has a duty to retreat only if he knows he can retreat with complete safety. During the joint trial of the defendant and his codefendant, neither one raised an objection to the charge or requested that the court give any supplemental instructions. Having failed to do this, any error in this regard has not been preserved for appellate review (CPL 470.05 [2]; *see, People v Swinson,* 111 AD2d 275).

In any event, the trial court specifically charged the jury that a defendant has a duty to retreat "if he knows that he can [do so] with complete safety to himself and others", and that the People must disprove the defense of justification beyond a reasonable doubt.

The defendant also takes issue with the prosecutor's summation. During this summation there was one objection voiced on behalf of the defendant. The court immediately gave curative instructions to the jury directing them to disregard what was said by the prosecutor. Thereafter neither counsel raised any objection regarding the parts of the summation challenged on this appeal. The failure of counsel to object to the summation resulted in the issue not being preserved for appellate review *(see, People v Watson,* 111 AD2d 774). We further note that the defendant's assertion that the prosecutor vouched for the truthfulness of a witness is not supported by the record *(see, People v Bendell,* 111 AD2d 87, *lv granted* 491 NYS2d 590). Lazer, J. P., Mangano, Bracken and Niehoff, JJ., concur.