(January 21, 1988)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GERALD E. BAKER, Appellant.—Mahoney, P. J. Appeal from a judgment of the County Court of Ulster County (Vogt, J.), rendered August 16, 1982, upon a verdict convicting defendant of the crime of robbery in the second degree.

On October 27, 1981, two teen-age males, defendant and Michael Vorst, were stopped by the State Police several miles from where a bank robbery had occurred in the Town of Rosendale, Ulster County. Vorst and defendant were subsequently indicted for the crime of robbery in the second degree. Prior to trial, Vorst pleaded guilty to the charged crime.

At trial, Vorst testified that he and defendant decided that Vorst would go inside the bank while defendant waited in the car. Vorst also testified that defendant had purchased the ski mask that he would wear and, further, that he and defendant

agreed that Vorst would enter the bank with a pistol stuck in the waistband of his pants and wearing a jacket.

Defendant denied any prior knowledge that Vorst was going to rob the bank or that there was any weapon in the car or in Vorst's possession. It was defendant's position at trial that Vorst had asked him to ride with him to the bank to pick up loan money for the purchase of a car. Defendant, believing that Vorst's application for a car loan had been approved, not only agreed to accompany Vorst to the bank but also to put his motor vehicle plate on Vorst's new sports car because it was not yet registered or insured. Defendant also testified that he had not seen a ski mask or pellet gun before Vorst went into the bank.

Defendant's trial testimony coincided with the statement he made to the State Police shortly after his arrest. Vorst's trial testimony conflicted with his statement at the time of arrest that defendant had nothing to do with the robbery. The jury returned a verdict of guilty and defendant was subsequently sentenced to an indeterminate prison term of 2 to 6 years. This appeal ensued.

Initially, we reject defendant's contention that the People failed to establish beyond a reasonable doubt the elements of robbery in the second degree. Penal Law § 160.10 provides in relevant part that:

"A person is guilty of robbery in the second degree when he forcibly steals property and when: * * *

"2. In the course of the commission of the crime * * *".* * *

"(b) Displays what appears to be a pistol".
In the instant case, the bank manager testified that "[i]n [Vorst's] right hand he was holding something * * * I could see something black and shiny which looked to be the barrel of a gun". The Court of Appeals in *People v Baskerville* (60 NY2d 374, 381) held that "display of anything that appears to be [a firearm], though held inside a coat or otherwise obscured" satisfies the requirement of "display" in Penal Law § 160.10 (2) (b). Since the trial testimony supports the jury's finding that Vorst displayed a gun, we conclude that the People established beyond a reasonable doubt the elements of robbery in the second degree.

Next, we disagree with defendant's allegation that cumulative errors of his trial attorney violated his right to the effective assistance of counsel. Defendant recites a litany of alleged errors including counsel's lack of familiarity with

relevant principles of law that caused him to conduct ineffective cross-examination of the People's witnesses and to fail to call any witnesses, although available, to vouch for defendant's good reputation for honesty and veracity. Further, defendant also claims that counsel made no meaningful requests to charge and that his exceptions to County Court's charge were inept.

A careful review of the record reveals that many of the errors exhaustively recited by defendant are mischaracterized. In our view, counsel exhibited a familiarity with the case, presented a vigorous defense and displayed a good working knowledge of the applicable principles of criminal law (see, People v Berard, 112 AD2d 470). In fact, counsel elicited testimony from witnesses that would have supported defendant's contention of innocence if the jury had chosen to believe it (see, People v Dominy, 116 AD2d 851, lv denied 67 NY2d 942). Accordingly, we conclude that defendant's attorney was well prepared and vigorously advocated defendant's cause (see, People v Jock, 111 AD2d 941, 942-943, lv denied 66 NY2d 615).

Next, we reject defendant's invitation to take judicial notice that it is uniform practice for the People to enter into agreements with defendants for imposition of lesser sentences in exchange for guilty pleas and testimony against accomplices. Therefore, we cannot agree with defendant's position that such an agreement was made herein and that the People violated their duty to disclose such exculpatory evidence (see, Brady v Maryland, 373 US 83). Defendant's reliance on People v Cwikla (46 NY2d 434) is misplaced. In Cwikla, the principal prosecution witness admitted that he had requested the People to write to the Parole Board on his behalf, but denied any promise of leniency for his cooperation. Defense counsel made an application to the court for the production of any correspondence between the District Attorney's office and the Parole Board concerning said witness. The Court of Appeals found that the District Attorney's refusal to produce such materials or to indicate whether such correspondence existed approached the level of prosecutorial misconduct. When the materials sought were produced upon appeal, the correspondence did create an inference of the expectation of leniency which should have been presented to the jury for its consideration. Here, however, the record is void of any such materials or correspondence that could lead to an inference of the expectation of leniency. Accordingly, where, as here, there is absolutely no proof that the People are in possession of

material evidence that is exculpatory in nature, no duty of disclosure arises *(see, Brady v Maryland, supra).*

Finally, we find that County Court correctly instructed the jury on accomplice testimony *(see, People v Glasper,* 52 NY2d 970, 971) and as to the form of the verdict. Defendant's remaining contentions are without merit and require no discussion.

Judgment affirmed. Mahoney, P. J., Weiss, Levine and Harvey, JJ., concur.