■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS MIKOLASKO, Appellant.—Kane, J. Appeal from a judgment of the County Court of Broome County (Coutant, J.), rendered August 15, 1986, upon a verdict convicting defendant of the crimes of burglary in the second degree (four counts), criminal possession of stolen property in the first degree, criminal possession of stolen property in the second degree and grand larceny in the third degree (two counts).

As a result of information obtained through the use of a

confidential informant equipped with a device to record conversations between the informant and defendant, a search warrant was issued authorizing the search of premises occupied by defendant. The fruits of the search consisted of numerous items of stolen property obtained through a series of burglaries that occurred between 1983 and 1985, all of which had been under investigation by a multiunit law enforcement agency. In the recorded conversations, defendant admitted committing numerous burglaries during this period and, in particular, burglaries at the specific locations where he obtained possession of many of the items seized upon execution of the search warrant. Defendant was thereafter indicted and after a jury trial was convicted of four counts of burglary in the second degree, criminal possession of stolen property in the first degree, criminal possession of stolen property in the second degree and two counts of grand larceny in the third degree.

In seeking reversal of his conviction, defendant contends that the evidence obtained pursuant to the search warrant should not have been admitted in evidence at trial since the search warrant was improperly executed. He argues that at the time the officers appeared at his residence, they were not in possession of the warrant and did not produce it upon his request (see, CPL 690.50 [1]). In fact, they had a copy of the warrant with them, but had left it in the police car; they retrieved it from the car before the search began. In our view, there was substantial compliance with statutory requirements and the search was lawful (see, People v Mahoney, 58 NY2d 475; People v Drapala, 93 AD2d 956).

Defendant further contends that the taped conversations and questions directed to him on cross-examination placed evidence of uncharged crimes before the jury to his prejudice. It should be noted that defendant's defense at trial was that he wanted the informant to believe that he was a dealer in large amounts of stolen goods so that the informant would pay $3,000 in advance to defendant which would satisfy a debt alleged to have been owed by the informant to defendant. The record demonstrates that the line of questioning on cross-examination and the admissions on the tapes were properly before the jury on the issue of defendant's credibility. In order to attack the rather unusual defense offered by defendant, it was necessary to inquire as to the particulars of his various admitted criminal acts. A relative weighing of the probative value and the prejudicial effect of this testimony indicates that the probative value was great and not outweighed by the

prejudicial effect, particularly in view of the persuasive proof of guilt and the fact that the evidence was not circumstantial in nature.

We also reject defendant's claim of ineffective assistance of trial counsel. Although defendant lists numerous items that he perceives to constitute cumulative error, we conclude that such a claim is "confusing true ineffectiveness with mere losing tactics and according undue significance to retrospective analysis" *(People v Baldi,* 54 NY2d 137, 146). The defense was vigorous, well prepared and presented testimony which would have supported the claim of innocence had the jury chosen to believe it *(see, People v Dominy,* 116 AD2d 851, 853, *lv denied* 67 NY2d 942; *People v Berard,* 112 AD2d 470, 471; *People v Jock,* 111 AD2d 941, 942-943, *lv denied* 66 NY2d 615).

Finally, we cannot agree that, under the circumstances of this case, the total indeterminate prison sentence imposed of 8 to 20 years was excessive. County Court considered the mitigating factors of defendant's age and condition of health. The sentence was well within the statutory guidelines and should not be reduced unless there was a clear abuse of discretion, a circumstance not present in this case *(see, People v Du Bray,* 76 AD2d 976; *People v Junco,* 43 AD2d 266, *affd* 35 NY2d 419, *cert denied* 421 US 951).

Judgment affirmed. Mahoney, P. J., Kane, Casey, Yesawich, Jr., and Mercure, JJ., concur.