■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PETER VENDITTO, JR., Appellant.—Mercure. J. Appeals (1) from a judgment of the County Court of Chemung County (Danaher, Jr., J.), rendered July 25, 1988, upon a verdict convicting defendant of the crime of promoting prison contraband in the first degree, and (2) by permission, from two orders of said court, entered March 8, 1990 and April 11, 1990, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, after a hearing.

Defendant, an inmate at Elmira Correctional Facility in Chemung County, was convicted after a trial of promoting prison contraband in the first degree and sentenced to a prison term of 3½ to 7 years, to be served consecutively to his current sentence. According to the trial testimony of Correction Officer Mark Henry, on February 21, 1988 defendant was observed attacking inmate Curtis Love with a shank as Love defended himself with a chair. Love knocked the shank out of defendant's hand, and it fell under a wooden locker. Inmate Joseph Billian then joined the fight against Love. Defendant admitted that he started the fight with Love because he suspected Love of taking his laundry, but testified that it was Love who pulled out the shank, which was never in his possession. Defendant appeals from the judgment of conviction and, by permission, from the orders denying his motion to vacate the judgment.

In seeking reversal of his conviction, defendant contends that the People's failure to provide him with a copy of a statement of Billian, conceded to be specifically requested *Brady* material, entitles him to a new trial. We disagree. The Court of Appeals has now made it clear, in cases involving the failure to disclose exculpatory material that has been specifically requested, that "a showing of a 'reasonable possibility' that the failure to disclose the exculpatory [material] contributed to the verdict remains the appropriate standard to measure materiality" *(People v Vilardi,* 76 NY2d 67, 77). Applying that standard here, we conclude that there was no reasonable possibility that failure to disclose Billian's statement contributed to defendant's conviction. First, defendant was aware of the contents of the statement of Billian, admittedly a good

friend of his. Defendant's investigator had interviewed Billian, a tape recording of a prior hearing in which Billian testified was made available to defendant, and defendant's attorney had personal conversations with Billian. Second, based upon our review of the record, and particularly the testimony of defendant's trial attorney at the evidentiary hearing on the postjudgment motion, we do not accept defendant's argument that the nondisclosure of the statement had a bearing on the evaluation of Billian's credibility and, thus, the decision not to call him as a witness. Accordingly, there was no "reasonable possibility that the undisclosed evidence might have led to a trial strategy that resulted in a different outcome" *(supra,* at 78).

We also reject defendant's claim of ineffective assistance of trial counsel. Preliminarily, contrary to defendant's assertion, it is our view that no hearing was necessary to determine whether defendant was provided with meaningful representation since the record contains sufficient facts for such a determination *(see, People v Satterfield,* 66 NY2d 796, 799). Moreover, defense counsel's trial strategy, to show that Henry was not dishonest but merely mistaken about the events, was a valid theory of defense. Thus viewed, although defendant lists every questionable tactic and claims that they constitute cumulative error, such a claim is "confusing true ineffectiveness with mere losing tactics and according undue significance to retrospective analysis" *(People v Baldi,* 54 NY2d 137, 146). Meaningful representation does not assure that unsuccessful trial strategies will be redressed *(see, supra; People v Jock,* 111 AD2d 941, 942, *lv denied* 66 NY2d 615). Defendant's attorney was familiar with and employed basic principles of criminal law and procedure *(see, People v Droz,* 39 NY2d 457, 462) and "presented testimony which would have supported the claim of innocence had the jury chosen to believe it" *(People v Mikolasko,* 144 AD2d 760, 762, *lv denied* 74 NY2d 666).

Defendant further contends that he should have been permitted to develop evidence that Henry had not filed an administrative contraband charge against defendant. We agree with the People, however, that exploration of this evidence would have diverted the jury to collateral matters and confused them with procedural and substantive issues surrounding the administrative hearing. Given the trial court's discretionary power "to keep the proceedings within manageable limits and to curtail exploration of collateral matters" *(People v Hudy,* 73 NY2d 40, 56), this evidence was properly excluded *(see, People*

*v Canale,* 76 AD2d 1032, 1033; *People v Pollard,* 54 AD2d 1012).

As for defendant's argument that the prosecutor improperly vouched for the credibility of Henry in her summation, we note that by failing to object, defendant has not preserved the issue for our review *(see,* CPL 470.05 [2]; *People v Galloway,* 54 NY2d 396; *People v Kolb,* 118 AD2d 590, 591, *lv denied* 67 NY2d 945). Moreover, the comments regarding Henry's testimony "constituted nothing more than a fair response to the challenge thereto made by the defense attorney" during summation *(People v Spruill,* 110 AD2d 981) and his statements that defendant was "being candid" and that the jury would have to decide "who is telling the truth" *(see, supra; People v Blackman,* 88 AD2d 620, 621). Finally, given that County Court offered to allow defendant to accept the original plea bargain even though trial was scheduled to commence the next morning, defendant's reliance on *People v Compton* (157 AD2d 903, *lv denied* 75 NY2d 918) is misplaced.

Judgment and orders affirmed. Mahoney, P. J., Casey, Levine, Mercure and Harvey, JJ., concur.