■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OTIEN WILLIAMS, Appellant. [716 NYS2d 671] —Appeal by the defendant from a judgment of the County Court, Orange County (Pano Z. Patsalos, J.), rendered January 28, 1999, convicting him of attempted criminal possession of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, without a hearing, of that branch of the defendant's omnibus motion which was to controvert a search warrant.

Ordered that the judgment is affirmed.

On March 13, 1998, a "no-knock" search warrant was issued authorizing, *inter alia,* the search of a particular apartment in a building in Newburgh, New York, a specifically-identified automobile and certain specified individuals, including the defendant. The warrant was executed on March 19, 1998, at

which time the police seized, among other items, a quantity of cocaine and drug paraphernalia.

The County Court properly denied that branch of the defendant's omnibus motion which was to controvert the warrant and suppress the evidence seized. The court correctly concluded that the defendant did not have standing to challenge the search of the automobile (*see, People v Wesley,* 73 NY2d 351). The fact that the police officers may not have had physical possession of the warrant at the time (*see, People v Mahoney,* 58 NY2d 475) and allegedly refused to show the warrant to the defendant (*see,* CPL 690.50 [2] [b]; *cf.,* CPL 690.50 [1]) does not require the suppression of the contraband seized from the apartment. There is no question that the search warrant was signed by the issuing Magistrate six days prior to its execution, and that the executing officers knew of its existence and contents. Thus, contrary to the defendant's contention, the search of the premises was not tantamount to a warrantless search. The entry and search were authorized by a Judge prior to the occurrence and, therefore, both Federal and State constitutional requirements were satisfied (*see, People v Mahoney, supra,* at 481).

The defendant's remaining contentions are without merit. O'Brien, J. P., Thompson, Altman and Friedmann, JJ., concur.