# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

669

KA 11-02491

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, AND VALENTINO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                MEMORANDUM AND ORDER

DUSTIN L. BUTCHINO, DEFENDANT-APPELLANT.

---

THEODORE W. STENUF, MINOA, FOR DEFENDANT-APPELLANT.

GREGORY S. OAKES, DISTRICT ATTORNEY, OSWEGO (MATTHEW J. BELL OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Oswego County Court (Walter W. Hafner, Jr., J.), rendered August 31, 2011. The judgment convicted defendant, upon a jury verdict, of grand larceny in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of grand larceny in the third degree (Penal Law § 155.35 [1]), defendant contends that the evidence is legally insufficient to support the conviction. Defendant failed to preserve that contention for our review inasmuch as he failed to renew his motion for a trial order of dismissal after presenting evidence (*see People v Hines*, 97 NY2d 56, 61, *rearg denied* 97 NY2d 678). Further, viewing the evidence in light of the elements of that crime as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495).

We reject defendant's further contention that defense counsel was ineffective on the ground that he failed to make a timely request for a missing witness charge with respect to defendant's former girlfriend. Defense counsel in fact made a request for such a charge in a timely manner, i.e., " 'as soon as practicable' " (*People v Carr*, 14 NY3d 808, 809), and we note that the charge was not warranted in any event. The girlfriend refused to testify and she " 'was not under the control of the People such that she could be expected to give testimony favorable to the prosecution' " (*People v Hernandez*, 256 AD2d 18, 19, *lv denied* 93 NY2d 874). Contrary to defendant's further contention, the fact that the jury acquitted him of burglary in the second degree but found him guilty of grand larceny in the third degree does not render the verdict repugnant (*see People v Jock*, 111 AD2d 941, 942, *lv denied* 66 NY2d 615; *People v McGee*, 110 AD2d 719,

719-720), and thus it cannot be said that defense counsel was ineffective in failing to preserve such a contention for our review (*see generally People v Stultz*, 2 NY3d 277, 287, *rearg denied* 3 NY3d 702).

Entered:  June 7, 2013                              Frances E. Cafarell
                                                    Clerk of the Court