People v Oliver (2019 NY Slip Op 03407)





People v Oliver


2019 NY Slip Op 03407


Decided on May 2, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 2, 2019

108527

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
MICHAEL OLIVER, Appellant.

Calendar Date: March 20, 2019

Before: Garry, P.J., Egan Jr., Devine, Aarons and Pritzker, JJ.


Cynthia G. Kasnia, Poughkeepsie, for appellant.
P. David Soares, District Attorney, Albany (Emily Schultz of counsel), for respondent.



MEMORANDUM AND ORDER
Egan Jr., J.
Appeal from a judgment of the County Court of Albany County (Herrick, J.), rendered December 1, 2014, convicting defendant upon his plea of guilty of the crimes of criminal possession of a controlled substance in the first degree and criminal possession of a controlled substance in the third degree.
On December 3, 2013, members of various federal and state law enforcement agencies executed a search warrant at defendant's second-floor apartment located on Washington Avenue in the City of Albany. Upon execution of the warrant, police discovered more than eight ounces of cocaine in the apartment. Defendant was arrested at the scene and subsequently charged by indictment with criminal possession of a controlled substance in the first degree and criminal possession of a controlled substance in the third degree. As part of his omnibus motion, defendant moved to suppress the physical evidence obtained during the search. Following a Mapp hearing, County Court denied defendant's suppression motion. On the third day of trial, defendant pleaded guilty to the indictment. He was thereafter sentenced, as a nonviolent predicate offender, to a prison term of 16 years, to be followed by five years postrelease supervision, for his conviction of criminal possession of a controlled substance in the first degree and a prison term of 10 years, to be followed by three years of postrelease supervision, for his conviction of criminal possession of a controlled substance in the third degree, with the sentences to run concurrently. Defendant now appeals.
Defendant contends that County Court should have granted his motion to suppress the evidence seized because there was insufficient evidence contained in the search warrant application to establish the reliability of the confidential informant (hereinafter CI). We disagree. A search warrant issued by a judge is presumed to be valid (see People v Castillo, 80 NY2d 578, 585 [1992], cert denied 507 US 1033 [1993]; People v Brewer, 155 AD3d 1447, 1449 [2017]) and will be upheld as long as the application provides "sufficient information to support a reasonable belief that evidence of a crime will be found in a particular place" (People v Luciano, 152 AD3d 989, 991 [2017] [internal quotation marks and citation omitted], lv denied 30 NY3d [*2]1020 [2017]). Where a search warrant application is based upon information obtained from a CI, the application must demonstrate the veracity and/or reliability of the CI and the basis of the CI's knowledge (see People v Chisholm, 21 NY3d 990, 994 [2013]; People v Wolfe, 103 AD3d 1031, 1033 [2013], lv denied 21 NY3d 1021 [2013]). Notably, there is "no one acid test of reliability," and a CI will be found reliable where it is demonstrated that he or she has provided accurate information in the past and/or where the information provided by the CI is corroborated by independent police investigation (People v Rodriguez, 52 NY2d 483, 489 [1981]; see People v Palin, 158 AD3d 936, 937-938 [2018], lv denied 31 NY3d 1016 [2018]; People v Vargas, 72 AD3d 1114, 1115-1116 [2010], lv denied 15 NY3d 758 [2010]).
Here, the search warrant application for the apartment was supported by the affidavit of Justin Jones, a special agent with Immigration and Customs Enforcement who was assigned to investigate narcotics trafficking with the Drug Enforcement Agency. Jones' affidavit indicates that he received information from an undisclosed CI indicating that, over the past five years, defendant had regularly sold large quantities of cocaine to the CI. The CI informed the police that the drug transactions were generally initiated by a text message to defendant where an agreement would be reached with respect to the amount of cocaine to be purchased and the meet location for the transaction. Based on the information provided by the CI, on December 3, 2013, Jones had the CI send a text message to defendant and set up a controlled buy at defendant's apartment. Jones then searched the CI for contraband, equipped him with a recording device and prerecorded buy money and thereafter supervised the controlled buy, listening in "real time" as the CI entered defendant's Washington Avenue apartment and purchased approximately 100 grams of cocaine for $4,100. Upon exiting defendant's apartment, the CI "turned over a quantity of white substance" to law enforcement, which subsequently field-tested positive for the presence of cocaine. The CI also indicated that he had observed additional large quantities of cocaine within defendant's apartment. Given the CI's history of drug purchases from defendant, his observations within defendant's apartment and the corroboration provided by law enforcement's surveillance of the CI's controlled buy at defendant's apartment and confirmation that the substance purchased by the CI was, in fact, cocaine, we find that there was sufficient information in the search warrant application to establish the CI's reliability (see People v Brown, 167 AD2d 1331, 1333 [2018]; People v Palin, 158 AD3d at 937-938; People v Cavallaro, 123 AD3d 1221, 1222 [2014]; People v Tyrell, 248 AD2d 747, 748 [1998], lv denied 92 NY2d 907 [1998]).
We reject defendant's contention that the search warrant was improperly executed. Contrary to defendant's assertion, the entry and search of defendant's apartment by law enforcement did not occur prior to issuance of the subject search warrant. The testimony at the suppression hearing established that, immediately following the CI's controlled buy from defendant, Jones and an Albany County Assistant District Attorney prepared a search warrant application, which Jones then presented to a judge for review. Jones testified that he swore to the contents of his affidavit in support of the application and signed it in the judge's presence, after which the judge signed the warrant. Jones testified that, although he then communicated to law enforcement on the scene that he had obtained the search warrant, law enforcement did not actually execute it and make entry into defendant's apartment until after he had arrived back at the scene with the warrant in hand. To the extent that defendant avers that the time of defendant's arrest as indicated on defendant's arrest report contradicts Jones' testimony with respect to when the search warrant was actually obtained, this issue presented County Court with a credibility determination (see People v Bowers, 92 AD2d 669, 670 [1983]), which, upon review, we find was appropriately resolved in the People's favor. Accordingly, inasmuch as the evidence at the suppression hearing established that law enforcement entered defendant's apartment with actual possession of a search warrant validly issued by a judge immediately prior thereto, this was not a warrantless search and we find that the warrant was properly executed (see People v Mahoney, 58 NY2d 475, 480 [1983]; People v Williams, 275 AD2d 753, 754 [2000], lv denied 96 NY2d 764 [2001]; People v Mikolasko, 144 AD2d 760, 761 [1988], lv denied 74 NY2d 666 [1989]).
Lastly, defendant's contention that he was denied the effective assistance of counsel is unpreserved for review in the absence of an appropriate postallocution motion (see People v [*3]Curtis, 144 AD3d 1199, 1201 [2016]; People v Jenkins, 130 AD3d 1091, 1091 [2015]). Were this issue properly before us, we would find it to be without merit. Defendant's assertion that he was not satisfied with his counsel's representation is belied by the record, as defendant affirmatively represented during his plea allocution that he was satisfied with same (see People v Griffin, 165 AD3d 1316, 1317-1318 [2018]). Defense counsel provided meaningful representation by making appropriate pretrial motions, vigorously pursuing suppression of the physical evidence seized by law enforcement and ultimately procuring a plea deal whereby defendant received a prison sentence far less than the maximum allowable by law (see People v Lomax, 161 AD3d 1454, 1456 [2018], lv denied 32 NY3d 1113 [2018]; People v Beekman, 134 AD3d 1355, 1357 [2015], lv denied 27 NY3d 992 [2016]).
Garry, P.J., Devine, Aarons and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.