UNITED STATES V. NICHOLAS ALVAREZ

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of February, two thousand fifteen.

PRESENT: DENNIS JACOBS,
         GUIDO CALABRESI,
         RICHARD C. WESLEY,
                    Circuit Judges.

- - - - - - - - - - - - - - - - - - - -X
UNITED STATES OF AMERICA,
         Appellee,

         -v.-                                    13-4259

NICHOLAS ALVAREZ,
         Defendant-Appellant.
- - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:              Benjamin L. Coleman, Coleman,
                            Balogh & Scott LLP, San Diego,
                            California.

FOR APPELLEE:               Kathryn M. Martin, Michael A.
                            Levy, for Preet Bharara, U.S.
                            Attorney for the Southern

District of New York, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Briccetti, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Nicholas Alvarez appeals from the judgment of the United States District Court for the Southern District of New York (Briccetti, <u>J.</u>), sentencing him to 235 months imprisonment and ten years of supervised release after his conviction on six counts relating to the prostitution of others. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Alvarez was convicted by a jury of one count of transporting an individual for prostitution, 18 U.S.C. § 2421; two counts of persuading, inducing, enticing, or coercing an individual to travel for prostitution (the "coercion-to-travel" counts), <u>id.</u> § 2422(a); and two counts of sex trafficking, <u>id.</u> § 1591. He also pled guilty to one count of failing to register as required by the Sex Offender Registration and Notification Act, <u>id.</u> § 2250.

Alvarez challenges his convictions on the grounds that the district court: **(1)** did not instruct the jury that but-for causation was a necessary element of the sex trafficking and coercion-to-travel counts; **(2)** excluded, under Federal Rule of Evidence 412, evidence of the victims' continued prostitution activity after they left Alvarez; **(3)** did not instruct the jury that it must evaluate with special scrutiny the government's witnesses who admitted to drug use or addiction; and **(4)** decided against conducting individual inquiries of jurors after at least one juror expressed concern that Alvarez had recorded personal information during jury selection. On the record before us, we conclude that none of these decisions by the district court represents error.

**1.** The district court's instructions did not require the jury to find a causal connection between Alvarez's charged conduct and the victims' engagement in prostitution. Alvarez contends for the first time on appeal that the jury

2

instructions constituted error because the sex trafficking and coercion-to-travel charges required the government to prove beyond a reasonable doubt that, but for Alvarez's conduct, the victims would not have engaged in prostitution. Because Alvarez did not preserve this challenge in the district court, we review the jury instructions for plain error. Fed. R. Crim. P. 52(b); see, e.g., United States v. Vilar, 729 F.3d 62, 88 (2d Cir. 2013).

Alvarez relies on Burrage v. United States, 134 S. Ct. 881 (2014), for his argument that but-for causation is a required element of the charged crimes. In Burrage, the Court considered a statute's enhanced penalties for narcotics distribution when "death or serious bodily injury results from" use of the narcotics. Id. at 889-90; see 21 U.S.C. § 841(b)(1)(A)-(C). The Court held that the plain meaning of the phrase "results from" requires "not merely conduct but also a specified result of conduct"--namely, death or serious bodily injury--and therefore also requires but-for causation linking the conduct and the specified result. Id. at 887. Burrage's requirement of but-for causation is therefore relevant in interpreting a statute only if that statute satisfies the premise of Burrage's interpretive logic: a statute that requires both conduct on the part of the defendant and a specified result.

The sex trafficking statute is addressed to "[w]hoever knowingly . . . recruits, entices, harbors, transports, provides, obtains, or maintains by any means a person . . . , knowing . . . that means of force, threats of force, fraud, coercion . . . , or any combination of such means will be used to cause the person to engage in a commercial sex act . . . ." 18 U.S.C. § 1591(a). The coercion-to-travel statute is directed to "[w]hoever knowingly persuades, induces, entices, or coerces any individual to travel in interstate or foreign commerce . . . to engage in prostitution, or in any sexual activity for which any person can be charged with a criminal offense." 18 U.S.C. § 2422(a). Neither statute specifies a necessary result. The sex trafficking statute criminalizes certain means when they are "used to cause" an act, and thus is concerned with the means and not with the result. The result itself is not an element of the offense. Other courts have come to the same conclusion when interpreting a different provision of the sex trafficking statute, which similarly uses the word "cause" in the future tense. See United States v. Garcia-Gonzalez, 714 F.3d 306, 312 (5th

3

Cir. 2013); United States v. Brooks, 610 F.3d 1186, 1197 n.4 (9th Cir. 2010).  The coercion-to-travel statute contains no word suggesting causation.  Therefore, neither statute comes within the analysis of Burrage.  Alvarez has shown no error--and certainly no plain error--in the omission of but-for causation from the jury instructions.

**2.**  Pursuant to Federal Rule of Evidence 412, the district court denied Alvarez's motion in limine to introduce evidence that his victims continued to engage in prostitution after they left Alvarez.  Alvarez contends that this decision violated his constitutional rights and misinterpreted Rule 412.  This Court reviews the district court's evidentiary rulings for abuse of discretion, United States v. Mercado, 573 F.3d 138, 141 (2d Cir. 2009), and the district court's application of constitutional standards de novo, United States v. Tropeano, 252 F.3d 653, 657 (2d Cir. 2001).

Rule 412, which applies in a "proceeding involving alleged sexual misconduct," prohibits admission of evidence offered to prove either "that a victim engaged in other sexual behavior" or "a victim's sexual predisposition." Fed. R. Evid. 412(a).  However, Rule 412 does not bar "evidence whose exclusion would violate the defendant's constitutional rights." Id. R. 412(b)(1)(c)).  Alvarez's constitutional rights included "a meaningful opportunity to present a complete defense" at his trial, Holmes v. South Carolina, 547 U.S. 319, 324 (2006), and to confront the witnesses against him including by "impeach[ing] the credibility of a prosecution witness by cross-examination directed at possible bias," Davis v. Alaska, 415 U.S. 308, 309 (1974).  Here, the district court admitted evidence of the victims' history of prostitution *prior* to their meeting Alvarez.  In that way, Alvarez was able to present a complete defense and to impeach the government's witnesses using the admitted evidence of the victims' earlier prostitution.  The excluded evidence of the victims' later prostitution was not critical to protect Alvarez's constitutional rights.

Because there was no constitutional deprivation, we review the evidentiary challenge for abuse of discretion. Alvarez has not shown any abuse of discretion in the district court's application of Rule 412 to exclude only the subsequent history of the victims' prostitution.

4

**3.** The district court rejected Alvarez's proposed jury instruction that the jury give special scrutiny to government witnesses who admitted to drug use or addiction. We review de novo a preserved challenge to the district court's jury instructions, see United States v. Vaughn, 430 F.3d 518, 522 (2d Cir. 2005). This review focuses on the central requirement of a district court's jury instructions: "that the charge be fair to both sides." United States v. Russo, 74 F.3d 1383, 1393 (2d Cir. 1996). The district court instructed the jury concerning its obligation to scrutinize all witnesses' testimony; fairness did not require the district court to reiterate or elaborate upon this charge. See United States v. Valdez, 16 F.3d 1324, 1334 (2d Cir. 1994).

**4.** Alvarez challenges the district court's handling of potential jury bias during trial. However, Alvarez contemporaneously consented to the district court's approach. "A defendant who waives a claim of error may not raise it on appeal." United States v. Gomez, 617 F.3d 88, 92 (2d Cir. 2010).

After the jury was empaneled, at least one juror expressed anxiety to the court deputy that Alvarez had taken notes about the jurors' personal information during jury selection. The attorneys and the district court discussed the situation at length. Alvarez's counsel initially requested that the district court undertake an individual colloquy with each reporting juror. Without ruling on that proposal, the district court explained its disinclination to make an inquiry of any juror, for fear of drawing more attention to any issue. Instead, the court proposed an instruction that the jury remain unbiased. Alvarez's counsel acceded to the use of a jury instruction in lieu of any colloquy, and he contributed to the crafting of that instruction. Counsel did not object; when he ultimately agreed to the proposed instruction he added, "[w]ith the consent of the defendant, just to put it on the record." Alvarez thus waived this challenge below and cannot raise it on appeal. See United States v. Peterson, 385 F.3d 127, 138 (2d Cir. 2004); United States v. Blume, 967 F.2d 45, 48 (2d Cir. 1992).

For the foregoing reasons, and finding no merit in Alvarez's other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK