United States v. Ramos-Nunez

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of February, two thousand sixteen.

PRESENT: DENNIS JACOBS,
         RICHARD C. WESLEY,
         DEBRA ANN LIVINGSTON,
                      <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - -X
UNITED STATES OF AMERICA,
         <u>Appellee</u>,

         -v.-                                    14-4368

HERRY RAMOS-NUNEZ,
         <u>Defendant-Appellant</u>.
- - - - - - - - - - - - - - - - - - - -X

FOR APPELLEE:                EUN YOUNG CHOI (Michael A. Levy <u>on the brief</u>), Assistant United States Attorneys, <u>for</u> Preet Bharara, United States Attorney for the Southern District of New York.

1

**FOR APPELLANT:**  BRIAN E. SPEARS, Brian Spears LLC, Southport, Connecticut.

Appeal from a judgment of the United States District Court for the Southern District of New York (Broderick, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Herry Ramos-Nunez appeals from the judgment of conviction and sentence of the United States District Court for the Southern District of New York (Broderick, J.).  We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

1.   Ramos-Nunez argues that the district court failed to fully investigate and remedy purported premature deliberations by two jurors who were overheard discussing the case in the bathroom during trial.  "The handling of allegations of juror misconduct is entrusted to the sound discretion of the trial court."  United States v. Thai, 29 F.3d 785, 803 (2d Cir. 1994).  Where, as here, a defendant agrees to a proposed procedure for dealing with a juror issue, he waives any subsequent challenge and appellate review is barred.  See United States v. Peterson, 385 F.3d 127, 138-39 (2d Cir. 2004) (where judge "met with defense counsel to discuss how he should proceed" on issue of juror misconduct, and "[n]either defense counsel objected to his proceeding outside the presence of the defendants," defendants had "waived their right" to claim error on appeal, and permitting claim would "only encourage sandbagging" (internal quotation marks omitted)); United States v. Alvarez, 601 F. App'x 16, 19 (2d Cir. 2015) (where defendant "contemporaneously consented to the district court's approach" of giving a curative instruction to address potential jury bias, and "contributed to the crafting of that instruction," defendant "waived" argument that jurors should have been questioned and "cannot raise it on appeal").

Ramos-Nunez was invited to propose measures to deal with the overheard statements, and was alerted to the possibility that the district court might speak to the jurors with the parties' approval, a course of action he now contends should have been done.  Instead, his counsel suggested that the district court give a "firm instruction,"

2

worked with the Government to craft such an instruction, which was given, and never objected to the district court's approach or requested that the district court conduct any further investigation or take any further action.  Under these circumstances, any challenge to the handling of the two jurors is waived and cannot be raised on appeal.

    2.   Ramos-Nunez challenges the ruling that he was not eligible under 18 U.S.C. § 3553(f) for "safety-valve" relief from the minimum prison sentence statutorily mandated for his heroin conspiracy conviction.  See 21 U.S.C. § 841(b)(1)(B)(i).  Of the five requirements for safety-valve relief, the one here at issue required Ramos-Nunez, by the time of sentencing, to have disclosed to the government "all information and evidence [he had] concerning the offense [of conviction] or offenses that were part of the same course of conduct or of a common scheme or plan." 18 U.S.C. § 3553(f)(5).  Ramos-Nunez bore the burden of proving by a preponderance that he had satisfied this requirement.  See United States v. Jimenez, 451 F.3d 97, 102–03 (2d Cir. 2006).  We review the district court's factual finding that he did not do so only for clear error, see United States v. Ortiz, 136 F.3d 882, 883 (2d Cir. 1997), which is not present here.

    In his proffer, Ramos-Nunez attempted to minimize his involvement in the conspiracy, claiming that he had no experience in the drug trade and that all of his statements to the confidential informant were scripted by his coconspirator.  The facts at trial painted a different picture.  Ramos-Nunez indisputably offered to sell a kilogram of "black Mexican heroin," an offer -- irrespective of whether any such heroin existed -- that Ramos-Nunez never claimed had been scripted for him.[1]  Moreover, the district court identified other facts showing that Ramos-Nunez was more deeply involved in the conspiracy than he had been willing to admit: Ramos-Nunez's claim to having delivered 400 grams of heroin in the Bronx; his discussion of the best places in New York City to deal drugs; and his description

---

[1]    Understood properly, the district court's finding that this *offer* took place was not at all factually divergent from its later finding that there was insufficient evidence to prove that the black Mexican heroin *actually* existed, even if, given the distinct burdens present in each question, such a divergence were relevant.

of how his sources smuggled heroin into the United States using porcelain jars.  Faced with these discrepancies, which are adequately supported by the record, the district court did not err in denying application of safety-valve relief to Ramos-Nunez.

3.    Ramos-Nunez argues that the district court erred in determining the relevant drug quantity for purposes of calculating his Sentencing Guidelines offense level.  A district court is permitted to find a greater drug quantity at sentencing than the jury found at trial.  See, e.g., United States v. Vaughn, 430 F.3d 518, 526-27 (2d Cir. 2005) ("[T]here is no logical inconsistency in determining that a preponderance of the evidence supports a finding about which there remains a reasonable doubt.").

Ramos-Nunez argues that the district court "failed to consider" the jury's drug quantity finding.  However, the judge observed several times at sentencing that the jury found Ramos-Nunez guilty of conspiracy to distribute 100 grams or more.  But the district court used its own analysis and applied the less burdensome preponderance standard to conclude that the evidence at trial established that, during a meeting at a diner, Ramos-Nunez and a coconspirator agreed to sell a total of 1.7 kilograms of heroin in two transactions.  Of the 1.7 kilograms of heroin they planned to sell, 700 grams were physically seized when they attempted to sell them.  Accordingly, the district court did not err in attributing more than a kilogram of heroin to Ramos-Nunez for Guidelines purposes.

For the foregoing reasons, and finding no merit in Ramos-Nunez's other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK