People v Jones (2021 NY Slip Op 02895)





People v Jones


2021 NY Slip Op 02895


Decided on May 7, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 7, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., LINDLEY, CURRAN, BANNISTER, AND DEJOSEPH, JJ.


143 KA 15-01642

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
VANDON JONES, DEFENDANT-APPELLANT. 






REEVE BROWN PLLC, ROCHESTER (GUY A. TALIA OF COUNSEL), FOR DEFENDANT-APPELLANT.
KRISTYNA S. MILLS, DISTRICT ATTORNEY, WATERTOWN, FOR RESPONDENT. 


 Appeal from a judgment of the Jefferson County Court (Kim H. Martusewicz, J.), rendered August 26, 2015. The judgment convicted defendant upon a jury verdict of sex trafficking (two counts), attempted sex trafficking (four counts), promoting prostitution in the third degree, and criminal possession of a controlled substance in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him following a jury trial of two counts of sex trafficking (Penal Law
§ 230.34 [1] [a]), four counts of attempted sex trafficking
(§§ 110.00, 230.34 [1] [a] [two counts]; [4], [5] [c]), and one count each of promoting prostitution in the third degree (§ 230.25 [1]) and criminal possession of a controlled substance in the third degree
(§ 220.16 [1]). Although defendant contends that his conviction is not supported by legally sufficient evidence, his general motion to dismiss at the close of the People's case did not preserve for our review any of his specific challenges to the sufficiency of the evidence (see People v Gray, 86 NY2d 10, 19 [1995]) and, in any event, defendant did not renew that motion after presenting proof (see People v Hines, 97 NY2d 56, 61 [2001], rearg denied 97 NY2d 678 [2001]). Nevertheless, we necessarily " 'review the evidence adduced as to each of the elements of the crimes in the context of our review of defendant's challenge regarding the weight of the evidence' " (People v Stepney, 93 AD3d 1297, 1298 [4th Dept 2012], lv denied 19 NY3d 968 [2012]).
Contrary to defendant's contention, there is no causation element to sex trafficking (see Penal Law § 230.34 [1] [a]; [4], [5] [c]). The factors listed in section 230.34 do not proscribe a certain result. Rather, they proscribe aggravating conduct by a defendant that elevates the severity of the underlying crime of promoting prostitution (see People v Coleman, 74 NY2d 381, 385 [1989]; see also People v Miller, 87 NY2d 211, 216 [1995]; United States v Maynes, 880 F3d 110, 114 [4th Cir 2018]; United States v Alvarez, 601 Fed Appx 16, 17-18 [2d Cir 2015], cert denied 575 US 1020 [2015]). Viewing the evidence in light of the elements of the sex trafficking and attempted sex trafficking counts as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence on those counts (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
Despite his admission of guilt at trial of promoting prostitution in the third degree by running a business or enterprise involving prostitution activity by two or more prostitutes (Penal Law § 230.25 [1]), defendant now contends that the verdict on that count as well as the count related to criminal possession of a controlled substance in the third degree is against the weight of the evidence. We reject that contention (see generally Danielson, 9 NY3d at 349; Bleakley, 69 NY2d at 495). "The jury was entitled to credit the testimony of the People's witnesses . . . [*2]over the testimony of defendant's witnesses, including that of defendant [himself]," and we perceive no reason to disturb those credibility determinations (People v Tetro, 175 AD3d 1784, 1788 [4th Dept 2019]).
Contrary to defendant's further contention, the grand jury proceedings were not defective and, as a result, dismissal of the indictment is not warranted. "[D]ismissal of an indictment under CPL 210.35 (5) must meet a high test and is limited to instances of prosecutorial misconduct, fraudulent conduct or errors which potentially prejudice the ultimate decision reached by the [g]rand [j]ury" (People v Fisher, 101 AD3d 1786, 1786 [4th Dept 2012], lv denied 20 NY3d 1098 [2013] [internal quotation marks omitted]; see generally People v Huston, 88 NY2d 400, 409 [1996]). No such conduct occurred in this case.
We reject defendant's contentions that County Court erred in precluding defendant from calling one witness whose proffered testimony was deemed irrelevant and in permitting certain Molineux evidence. It is well settled that a party may not "call other witnesses to contradict a witness' answers concerning collateral matters solely for the purpose of impeaching that witness' credibility" (People v Pavao, 59 NY2d 282, 288-289 [1983]; see People v Snow, 185 AD3d 1400, 1402 [4th Dept 2020], lv denied 35 NY3d 1115 [2020]). Moreover, the court did not err in allowing the People to submit evidence related to conduct concerning other women "to establish defendant's modus operandi and common scheme of using physical abuse to instill fear and obedience in the prostitutes who worked for him" (People v Bonner, 94 AD3d 1500, 1501 [4th Dept 2012], lv denied 19 NY3d 1101 [2012], reconsideration denied 20 NY3d 1059 [2013]; see People v Grant, 104 AD2d 674, 674-675 [3d Dept 1984]), and the court's instructions with regard to the proper use of such information were appropriate. We have reviewed defendant's remaining challenges to the evidence admitted at trial and conclude that they lack merit.
Viewing the evidence, the law, and the circumstances of this case in totality and as of the time of the representation, we conclude that defendant received meaningful representation (see generally People v Baldi, 54 NY2d 137, 147 [1981]). Even assuming, arguendo, that defendant preserved for our review his further contention that he was denied a fair trial by prosecutorial misconduct, we conclude that the alleged errors by the prosecutor, either alone or cumulatively, were not so egregious as to deny defendant a fair trial (see People v Logan, 178 AD3d 1386, 1388 [4th Dept 2019], lv denied 35 NY3d 1028 [2020]; People v Fick, 167 AD3d 1484, 1485-1486 [4th Dept 2018], lv denied 33 NY3d 948 [2019]).
Entered: May 7, 2021
Mark W. Bennett
Clerk of the Court