People v Jones (2023 NY Slip Op 03124)

People v Jones

2023 NY Slip Op 03124

Decided on June 9, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 9, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., MONTOUR, OGDEN, AND GREENWOOD, JJ.

383 KA 20-01047

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
VANDON JONES, DEFENDANT-APPELLANT. 

TOWEY LAW, PLLC, BUFFALO (BRIAN K. TOWEY OF COUNSEL), FOR DEFENDANT-APPELLANT. 
KRISTYNA S. MILLS, DISTRICT ATTORNEY, WATERTOWN (MORGAN R. MAYER OF COUNSEL), FOR RESPONDENT. 

 Appeal, by permission of a Justice of the Appellate Division of the Supreme Court in the Fourth Judicial Department, from an order of the Jefferson County Court (David A. Renzi, J.), entered June 10, 2020. The order denied the motion of defendant to vacate a judgment of conviction pursuant to CPL 440.10. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed.
Memorandum: Defendant was previously convicted after a jury trial of two counts of sex trafficking (Penal Law § 230.34 [1] [a]), four counts of attempted sex trafficking (§§ 110.00, 230.34 [1] [a] [two counts]; [4], [5] [c]), and one count each of promoting prostitution in the third degree (§ 230.25 [1]) and criminal possession of a controlled substance in the third degree (§ 220.16 [1]). He appealed, and we affirmed (People v Jones, 194 AD3d 1358 [4th Dept 2021], lv denied 37 NY3d 1027 [2021]). Defendant also moved pursuant to CPL 440.10 to vacate the judgment of conviction on various grounds, including ineffective assistance of counsel. County Court denied the motion without a hearing, and defendant now appeals by permission of this Court from that order. We affirm.
Preliminarily, we agree with defendant that his claim of ineffective assistance of counsel is not procedurally barred by CPL 440.10 (2) (b).
With respect to the merits, defendant's primary contention is that his trial attorney was ineffective in failing to interview and call as witnesses several people he alleges could have provided exculpatory testimony with respect to certain counts of the indictment. In the prior appeal, we rejected defendant's contention that the court erred in denying his request to call one of the witnesses in question to testify at trial, concluding that the proffered testimony was inadmissible (Jones, 194 AD3d at 1360). In any event, defendant offered no evidence in his motion papers that any identified witness would have provided exculpatory testimony at trial. Defendant further contends that defense counsel was ineffective in failing to seek introduction into evidence of various documents that would have supported the defense theory and impeached the testimony of prosecution witnesses. Although defendant's main brief does not identify which documents he is referring to, his motion papers reference, inter alia, numerous letters and emails sent to him by a prosecution witness who testified at trial that defendant was her pimp and that he provided drugs to her and other women as an inducement to engage in acts of prostitution from which he profited. We conclude that nothing in the letters or emails tends to exonerate defendant or impeaches the credibility of the author or any other prosecution witness. Defendant's remaining claim of ineffective assistance of counsel is that his attorney failed to advise him regarding the consequences of stipulating to the admission of evidence. Defendant does not specify what stipulated evidence this claim is based upon, nor does he allege that such evidence would have been inadmissible in the absence of a stipulation.
We thus conclude that the court properly rejected defendant's claims of ineffective assistance of counsel without a hearing because "the moving papers do not contain sworn allegations substantiating or tending to substantiate all the essential facts" (CPL 440.30 [4] [b]; see People v Ozuna, 7 NY3d 913, 915 [2006]; People v McCullough, 144 AD3d 1526, 1527 [4th Dept 2016], lv denied 29 NY3d 999 [2017]).
Finally, we have reviewed the remaining contention in defendant's main brief and the contentions advanced by defendant in his pro se supplemental brief and conclude that none warrants modification or reversal of the order.
Entered: June 9, 2023
Ann Dillon Flynn
Clerk of the Court